[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14113

Non-Argument Calendar

_____

GERALDO DE SOUZA-MORENO NETO,
LAURICIA VIVIANY SOUSA-MORENO,
ANTONELLA SOUSA-MORENO,
NICOLAS SOUSA-MORENO,
LUDMILLA SOUSA-MORENO,

                                                     Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                                     Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-649-024

_____

Before LAGOA, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioners Geraldo De Souza-Moreno Neto, his spouse, and their three minor children are natives and citizens of Brazil who entered the United States in December 2021.  They petition for review of the Board of Immigration Appeal's ("BIA's") order affirming the Immigration Judge's ("IJ's") denial of their claims for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").  They argue that the IJ and BIA erred when they concluded that the family did not identify a particular social group ("PSG") and failed to establish a significant nexus between membership in the alleged PSG and persecution faced by the group.

We generally "review[] only the BIA's decision, except to the extent the BIA expressly adopted the IJ's opinion or agreed with the IJ's reasoning." *Alvarado v. U.S. Att'y Gen.*, 984 F.3d 982, 988 (11th Cir. 2020).  Findings of the IJ that the BIA did not reach are not properly before us. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007).

We review the BIA's factual findings under the highly deferential substantial evidence standard, which permits reversal only if the record compels, and not merely supports, reversal. *Edwards v. U.S. Att'y Gen.*, 97 F.4th 725, 734 (11th Cir. 2024). We review legal conclusions *de novo*. *Alvarado*, 984 F.3d at 988. Whether an asserted group qualifies as a particular social group under the INA is a legal conclusion reviewed *de novo*. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019).

The Attorney General may grant asylum to a non-citizen who meets the INA's definition of a refugee. INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A refugee is a person who is (1) outside the country of his nationality, (2) unwilling to return to that country, and (3) unable to avail himself of its protection (4) because of persecution or a well-founded fear of persecution on account of one of the five statutorily protected grounds. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The five protected grounds are race, religion, nationality, membership in a particular social group, and political opinion. *Id*. The applicant bears the burden of proving qualification as a refugee. INA § 208(b)(1)(B)(i); 8 U.S.C. § 1158(b)(1)(B)(i); *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010).

To meet the burden of establishing eligibility for asylum, a non-citizen must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground, or (2) a "well-founded fear" that she will be persecuted on account of a protected ground, such as membership in a PSG. *Diallo*, 596 F.3d

at 1332; 8 C.F.R. § 208.13(a)-(b).   A non-citizen is eligible for withholding of removal if she shows that, upon return to her country, she more likely than not will be persecuted there due to a protected ground, such as her race or membership in a particular social group.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005); INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(b). The "more likely than not" standard for withholding of removal is more stringent than for asylum, because the applicant must show a clear probability of persecution rather than a well-founded fear and thus, if the applicant fails to meet the standard of proof for asylum, they necessarily cannot meet the standard for withholding of removal.  *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021).

The INA does not define "particular social group," but we have deferred to the BIA's formulation of criteria for determining whether a particular group qualifies.  *Amezcua-Preciado v. U.S. Att'y Gen.*, 943 F.3d 1337, 1342 (11th Cir. 2019).  First, a group's members must share "a common characteristic other than their risk of being persecuted, and that characteristic must be immutable or fundamental to a member's individual conscience or identity."  *Id.* (quotation marks omitted).  Second, the group must be socially distinct, in that it must be perceived as a group by society.  *Id.*  Third, the group must be "defined with particularity, meaning that it must be discrete and have definable boundaries, and not be amorphous, overbroad, or subjective."  *Id.* at 1343 (quotation marks omitted). As for social distinction, for a PSG to be "viable," the distinction

from the rest of society should be significant in some way. *See Perez-Zenteno*, 913 F.3d at 1309.

Both asylum and withholding of removal impose a nexus requirement, which requires a causal relationship between the persecution suffered by the non-citizen and a protected ground. *Id.* To satisfy this requirement, "[a]n applicant must establish that a protected ground was or will be at least one central reason for persecuting the applicant. A reason is central if it is essential to the motivation of the persecutor." *Id*. (quotation marks omitted). Evidence that merely shows that a person has been or would be the victim of crime or private violence does not establish persecution based on a protected ground. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006).

Here, the IJ and BIA correctly determined that Neto's PSG of Brazilian males from Boa Vista, Brazil, was not cognizable. *Amezcua-Preciado*, 943 F.3d at 1342-43. Although he argued in both his notice of appeal to the BIA and in his briefing before this Court that people from Boa Vista have "an identifiable dialect" and are confined to a single location, which makes people from Boa Vista socially distinct from other Brazilians, Neto never introduced evidence of this unique dialect before the IJ. He has not pointed to anything in the record other than his asylum application and supporting affidavit, but he did not say anything in those documents about dialect or provide any information to support a finding that the group qualifies as a PSG. Additionally, although he submitted documents related to conditions in Brazil and the effects of

COVID-19, none of the record evidence shows that people from the Boa Vista region are set apart from Brazilian society in a distinct manner or that citizens of Brazil recognize Brazilian males from Boa Vista as a distinct social group. *See Perez-Zenteno*, 913 F.3d at 1309. Accordingly, there is no basis for asylum or withholding of removal.

**PETITION DENIED.**